## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 11 2015, 10:01 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

A. David Stippler
Randall C. Helmen
Lorraine Hitz-Bradley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Robert E. Heidorn
P. Jason Stephenson
Joshua A. Claybourn
Vectren Corporation
Evansville, Indiana

Mark J. Crandley
Barnes and Thornburg, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Indiana Office of Utility Consumer Counselor,

*Appellant-Statutory Representative,*

v.

Southern Indiana Gas and Electric Company, d/b/a Vectren Energy Delivery of Indiana, Inc.,

*Appellee-Plaintiff.*

June 11, 2015

Court of Appeals Case No. 93A02-1409-EX-668

Appeal from the Indiana Utility Regulatory Commission; The Honorable Loraine L. Seyfried, Administrative Law Judge; The Honorable Carol A. Stephan, Commission Chair;
IURC Cause Nos.: 44429 and 44430 (Consolidated)

**May, Judge.**

The Indiana Office of Utility Consumer Counselor ("OUCC") appeals a determination by the Indiana Utility Regulatory Commission that Vectren Energy Delivery of Indiana, a gas utility, is not obliged to reduce its rate recovery for certain infrastructure improvements based on the value of assets it retires from service.

We affirm.

## Facts and Procedural History

In 2013 Vectren petitioned the Commission to recover costs for improvements to its system. Specifically, it petitioned to recover for system upgrades required by federal mandates and for costs of projects that improve or replace features of its gas transmission and distribution system. The Commission entered an order authorizing the cost recovery. The order had the effect of permitting Vectren to charge its ratepayers for both a new plant and a plant that was replaced and would no longer be used to serve customers.

## Discussion and Decision

The OUCC argues on appeal Vectren should not have been permitted to recover costs for retiring an asset unless it also reduced the return attributable to the retired asset in its existing rate base. We recently resolved this question in Vectren's favor in *NIPSCO Indus. Grp. v. N. Indiana Pub. Serv. Co.*, No. 93A02-1403-EX-158 (Ind. Ct. App. Apr. 8, 2015). There, as in the case before us, the Commission rejected the OUCC's argument that a utility company should be

required to reduce its return and depreciation so that it was not recovering on both replaced assets and the new replacement assets.

[5] We affirmed the Commission's decision to allow NIPSCO to recover for certain projects without subtracting for returns or depreciation already being recovered for the assets being replaced: "Although we have significant concerns over the allegedly inconsistent treatment of this subject by the Commission, in light of the deference owed to the Commission, we cannot say that its methodology is erroneous given the lack of specificity in the statutes regarding this calculation." *Id*. at \*10.

[6] The OUCC concedes the issue before us is "the identical issue" addressed in *NIPSCO*. (Br. of Appellant Indiana Office of Utility Consumer Counselor at 11 n.4.). We decline to revisit the *NIPSCO* analysis and accordingly affirm the Commission's order.[1]

---

[1] In this appeal, intervenor Vectren Industrial Group (VIG) submitted the *NIPSCO* decision in a Notice of Additional Authority. It notes that in *NIPSCO*, we addressed the additional question "whether the Commission erred by allowing NIPSCO to specifically identify the proposed projects for only the first year of the seven-year plan and by establishing a presumption that the proposed projects for years two through seven of the plan were eligible for special ratemaking treatment." *NIPSCO*, No. 93A02-1403-EX-158, at \*1. VIG invites us to "give due consideration to this new judicial interpretation," (Vectren Industrial Group's Notice of Additional Authority at 2), of the statute at issue in this appeal.

Vectren moved to strike the Notice of Additional Authority. As no party raised that issue before the Commission in the Vectren proceedings, it is waived on appeal. *See, e.g., Spring Hills Developers, Inc. v. Reynolds Grp., Inc.*, 792 N.E.2d 955, 959 (Ind. Ct. App. 2003) (allegation of error waived on appeal when party "did not make that argument or tender additional evidence to the IURC."). We accordingly decline to address that issue, and in an Order issued today, we grant Vectren's Motion to Strike.

Affirmed.

Robb, J., and Mathias, J., concur.